John J. Volin, #09880
Trucly Pham Swartz, #026088
JOHN JOSEPH VOLIN, P.C.
1811 S Alma School Road, Suite 265
Mesa, Arizona 85210
Phone: (480) 820-0800
Fax: (480) 820-3575
E-mail: joe@volinlaw.com
E-mail: trucly@volinlaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>EDWARD D. WALKER and<br>KELLI S. WALKER,<br>               Debtors.<br><br>SSN xxx-xx-5905    SSN: xxx-xx-8409<br>8626 E Irish Hunter Trail<br>Scottsdale AZ 85258 | Case No. 2:11-bk-02334 RJH<br><br>CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES<br><br>■ Original<br><br>☐ *[state if First, Second]* Amended<br><br>☐ *[state if First, Second]* Modified<br><br>☐ Plan payments include post-petition mortgage payments |

    This Plan may affect creditor rights. **If you object to the treatment of your claim as proposed in this Plan, you must file a written objection by the deadline set forth in a Notice of Date to File Objections to Plan served on parties in interest.** If this is a joint case, then "Debtor" means both Debtors. This plan does not allow claims or affect the timeliness of any claim. To receive payment on your claim, you must file a proof of claim with the Bankruptcy Court, even if this Plan provides for your debt. The applicable deadlines to file a proof of claim were specified in the Notice of Commencement of Case. Except as provided in § 1323(c), a creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan.

    If this is an Amended or Modified Plan, the reasons for filing this Amended or Modified Plan are: Not Applicable.

(A) <u>Plan Payments and Property to be Submitted to the Plan.</u>

    (1) Plan payments start on **February 27, 2011.** The Debtor shall pay the Trustee as follows:

        **$1,267.00** each month for month 1 through month 60 (02/27/2011 – 01/27/2016)

    The proposed plan duration is **60 months**. The applicable commitment period is 60 months. Section 1325(b)(4).

    (2) In addition to the plan payments, Debtor will submit the following property to the Trustee: NONE In the event other property is submitted to the Trustee, it shall be treated as advance plan payments.

(B) <u>Trustee's Percentage Fee.</u> Pursuant to 28 U.S.C. § 586(e), the Trustee may collect the percentage fee from all payments and property received, not to exceed 10%.

(C) <u>Treatment of Administrative Expenses, Post-Petition Mortgage Payments and Claims.</u> Except adequate protection payments under (C)(1), post-petition mortgage payments under (C)(4), or as otherwise ordered by the Court, the Trustee will make disbursements to creditors after the Court confirms this Plan. Unless otherwise provided in Section (J), disbursements by the Trustee shall be pro rata by class (except adequate protection payments) and made in the following order:

(1) *Adequate protection payments.* Section 1326(a)(1)(C) requires adequate protection payments to be made to creditors secured by personal property. Pursuant to Local Bankruptcy Rule 2084-6, the Trustee is authorized to make preconfirmation adequate protection payments to the certain secured creditors without a Court order, provided the claim is properly listed on Schedule D, the creditor files a secured proof of claim that includes documentation evidencing a perfected security agreement, and the debtor or creditor sends a letter to the Trustee requesting payment of preconfirmation adequate protection payments. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, unless the Court orders otherwise, adequate protection payments will continue in the same amount until claims to be paid before these claimants are paid in full, unless the confirmed plan or a court order specifies a different amount. **If a secured creditor disagrees with the amount of the proposed adequate protection payments or the plan fails to provide for such payments, the creditor may file an objection to confirmation of this plan, file a motion pursuant to §§ 362, 363, or do both.**

| Creditor | Property Description | Monthly Amount |
|---|---|---|
| NONE | | |

❏ See Section (J), Varying Provisions.

(2) *Administrative expenses.* Section 507(a)(2).

    (a) Attorney fees. Debtor's attorney received $274.00 before filing, consisting of $274.00 for the court's filing fee and $0.00 for attorney fees. The balance of $4,000.00 or an amount approved by the Court upon application shall be paid by the Trustee. See Section (F) for any fee application.

    (b) Other Administrative Expenses. NONE

❏ See Section (J), Varying Provisions.

(3) *Leases and Unexpired Executory Contracts.* Pursuant to § 1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with an arrearage to cure, the arrearage will be cured in the plan payments with regular monthly payments to be paid direct by the Debtor. The arrearage amount to be adjusted to the amount in the creditor's allowed proof of claim.

    (a) <u>Assumed</u>:

| Creditor & Property Description | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|
| Piqua Management Corp<br>8749 E Cheery Lynn Rd<br>Scottsdale AZ 85251 | None | N/A |

    (b) <u>Rejected</u>:

| Creditor | Property Description |
|---|---|
| NONE | |

❏ See Section (J), Varying Provisions.

(4) *Claims Secured <u>Solely</u> by Security Interest in Real Property.* A creditor identified in this paragraph may mail the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without such being a violation of the automatic stay. Unless stated below, Debtor is to pay post-petition payments direct to the creditor and prepetition arrearages shall be cured through the Trustee. No interest will be

2

paid on the prepetition arrearage or debt unless otherwise stated. The arrearage amount is to be adjusted to the amount in the creditor's allowed proof of claim. Except as provided in Local Bankruptcy Rule 2084-23, if a creditor gets unconditional stay relief the actual cure amount to be paid shall be adjusted by the Trustee pursuant to the creditor's *allowed* proof of claim. If the Debtor is surrendering an interest in real property, such provision is in paragraph (E). The Debtor is retaining real property and provides for each such debt as follows:

| Creditor/Servicing Agent & Property Description | Collateral Value & Valuation Method | Post-Petition Mortgage Payments | Estimated Arrearage | Arrearage Through Date |
|---|---|---|---|---|
| NONE | | ☐ Debtor will pay direct to creditor; or<br>☐ Included in Plan payment. Trustee will pay creditor. | | |

■ See Section (J), Varying Provisions.

(5) ***Claims Secured by Personal Property or a Combination of Real and Personal Property.*** Pursuant to § 1325(a), a secured creditor listed below shall be paid the amount shown as the Amount to be Paid on Secured Claim, with such amount included in the Plan payments. However, if the creditor's proof of claim amount is less than the Amount to be Paid on Secured Claim, then only the proof of claim amount will be paid. Any adequate protection payments are as provided in Section (C)(1) above. If a creditor fails to file a secured claim or files a wholly unsecured claim, the debtor may delete the proposed payment of a secured claim in the order confirming plan.

| Creditor and Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount to be Paid on Secured Claim | Interest Rate |
|---|---|---|---|---|
| NONE | | | | |

■ See Section (J), Varying Provisions.

(6) ***Priority Unsecured Claims.*** All allowed claims entitled to priority treatment under § 507 shall be paid in full pro rata.

(a) Unsecured Domestic Support Obligations. The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date are to be cured in the plan payments.

| Creditor | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|
| NONE | $ | |

(b) Other unsecured priority claims.

| Creditor | Type of Priority Debt | Estimated Amount |
|---|---|---|
| NONE | | |

☐ See Section (J), Varying Provisions.

3

(7) *Codebtor Claims.* The following codebtor claim is to be paid per the allowed claim, pro rata before other unsecured nonpriority claims.

| Creditor | Codebtor Name | Estimated Debt Amount |

NONE

❏ See Section (J), Varying Provisions.

(8) *Unsecured Nonpriority Claims.* Allowed unsecured nonpriority claims shall be paid pro rata the balance of payments under the Plan.

❏ See Section (J), Varying Provisions.

(D) **Lien Retention.** Secured creditors shall retain their liens until payment of the underlying debt determined under nonbankruptcy law or upon discharge, whichever occurs first. Federal tax liens shall continue to attach to property excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2) until the Internal Revenue Service is required to release the liens in accordance with non bankruptcy law.

❏ See Section (J), Varying Provisions.

(E) **Surrendered Property.** Debtor surrenders the following property to the secured creditor. Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered. Any secured claim filed by such creditor shall receive no distribution until the creditor files an allowed unsecured claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. *Should the creditor fail to file an amended unsecured claim consistent with this provision, the Trustee need not make any distributions to that creditor.*

| Creditor | Property Being Surrendered |
|---|---|
| Chase Home Finance, LLC<br>Attn: Foreclosure Dept<br>800 Brooksedge Blvd<br>Westerville OH 43081-000 | 1030 West Estrella Drive<br>Chandler, Arizona 85224 |
| Bank of America<br>Customer Service<br>PO Box 5170<br>Simi Valley CA 93062-5170 | 1030 West Estrella Drive<br>Chandler, Arizona 85224 |

(F) **Attorney Application for Payment of Attorney Fees.** Counsel for the Debtor has received a prepetition retainer of $274.00, to be applied against fees and costs incurred. Fees and costs exceeding the retainer shall be paid from funds held by the Chapter 13 Trustee as an administrative expense. Counsel will be paid as selected in paragraph (1) or (2) below:

(1) **Flat Fee.** Counsel for the Debtor has agreed to a total sum of $_____ to represent the Debtor. Counsel has agreed to perform the following services through confirmation of the plan:

☐ All of the below, except Additional Services.
☐ Review of financial documents and information.
☐ Consultation, planning, and advice, including office visits and telephone communications.
☐ Preparation of Petition, Schedules, Statement of Financial Affairs, Master Mailing List.

4

- ☐ Preparation and filing of Chapter 13 Plan, Plan Analysis, and any necessary amendments.
- ☐ Attendance at the § 341 meeting of creditors.
- ☐ Resolution of creditor objections and Trustee recommendations, and attendance at hearings.
- ☐ Reviewing and analyzing creditor claims for potential objections, and attendance at hearings.
- ☐ Responding to motions to dismiss, and attendance at hearings.
- ☐ Responding to motions for relief from the automatic stay, and attendance at hearings.
- ☐ Drafting and mailing of any necessary correspondence.
- ☐ Preparation of proposed order confirming the plan.
- ☐ Representation in any adversary proceedings.
- ☐ Representation regarding the prefiling credit briefing and post-filing education course.

**Additional Services.** Counsel for the Debtor has agreed to charge a flat fee for the following additional services provided to the Debtor after confirmation of the plan:

- ☐ Preparation and filing of Modified Plan $_____.
- ☐ Preparation and filing of motion for moratorium $_____.
- ☐ Responding to motion to dismiss, and attendance at hearings $_____.
- ☐ Defending motion for relief from the automatic stay or adversary proceeding $_____.
- ☐ Preparation and filing of any motion to sell property $_____.
- ■ Other   **See attached fee agreement**_____.

All other additional services will be billed at the rate of $_____ per hour for attorney time and $_____ per hour for paralegal time. Counsel will file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include *all* time expended in the case in the separate fee application.

☐ See Section (J), Varying Provisions.

(2) **Hourly Fees.** For hourly fees to be paid as an administrative expense, counsel must file and notice a separate fee application detailing the additional fees and costs requested. The application must include all time expended in the case.

Counsel has agreed to represent the Debtor for all services related to the Chapter 13 bankruptcy to be billed at the rate of $_____ per hour for attorney time and $_____ per hour for paralegal time.

☐ See Section (J), Varying Provisions.

(G) **Vesting.** Property of the estate shall vest in the Debtor upon confirmation of the Plan. The following property shall not revest in the Debtor upon confirmation:

■ See Section (J), Varying Provisions.

(H) **Tax Returns.** While the case is pending, the Debtor shall provide to the Trustee a copy of any post-petition tax return within thirty days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except: NONE

(I) **Funding Shortfall.** Debtor will cure any funding shortfall before the Plan is deemed completed.

(J) <u>Varying Provisions.</u> The Debtor submits the following provisions that vary from the Local Plan Form, Sections (A) through (H):

  (1) Section C(4).
       a. Debtor disputes the secured mortgage claims as to the total amount of the debt as of the petition date and as to the alleged arrears and also dispute that the scheduled party is the lawful owner and holder of the original mortgage note, and the secured status of the note.
  (2) .Section C(5) – Any claims not specifically named in this Plan are presumed to be unsecured claims. **Creditors, including but not limited to, Sears, Best Buy, Radio Shack and/or J.C. Penney's Co., claiming secured status, shall serve a copy of said claim, proof of security interest, and an objection to the Chapter 13 Plan upon Debtors' counsel no later than the deadline in the Notice of Date to File Objections to First Modified Chapter 13 Plan and Application for Payment of Administrative Expense.**
  (3) **STANDING STAY MODIFICATION:** The automatic stay provided in 11 U.S.C. Section 362(a) is modified in Chapter 13 cases as follows: Affected secured creditors may contact the debtor about the status of insurance coverage on property used as collateral. If there are direct payments to creditors, affected secured creditors may contact the Debtor(s) in writing about any payment in default; and shall send to the Debtor(s) statements, payment coupons or other correspondence that the creditor sends to its non-Debtor customers. Such actions do not constitute violation of 11 U.S.C. Sec. 362(a).
  (4) GENERAL PROVISIONS. If this case is filed as a joint Debtors' case, the Debtors' estate shall be fully consolidated for purposes of administration. Pursuant to Section 1322(b)(3) of the Bankruptcy Code, the Trustee shall have the power to waive, in writing and on such conditions as the Trustee may impose, any default in Debtors' payments to the Trustee under this Plan.
       a. To receive payment from the Trustee, either prior to or following confirmation, a secured creditor must file a proof of claim. Secured claims which are not filed within the time period required by Federal Bankruptcy Rule 3002(c) may be disallowed or subordinated to other claims upon further order of the Court.
       b. Confirmation of this plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Federal Bankruptcy Rules 3001 or 3002.
       c. Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the Trustee, unless an itemized proof of claim for any deficiency is filed within one-hundred twenty (120) days (or such other period as the Court orders) after the removal of the property from the protection of the automatic stay. For purposes hereof, the removal date shall be the date of the entry of the order confirming the plan, modifying the plan, or granting relief from stay. This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.
       d. If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the plan.
       e. Property of the estate includes all of the property specified in 11 U.S.C. Section 541 and all property of the kind specified in such section acquired by the Debtor(s) after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code. All property of the Debtor remains vested in the estate until completion of the plan.
       f. Confirmation of the plan shall impose a duty on the holder and/or servicers of claims secured by liens on real property to apply the payments received from the Trustee on the pre-petition arrearages, if any, only to such arrearages; to deem the pre-petition arrearages as contractually cured by confirmation; to apply the direct mortgage payments, if any, paid by the Trustee or by the Debtor(s) to the month in which they were made under the plan or directly by the Debtor(s), whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the Trustee, the Debtor(s) and the attorney for the Debtor(s) of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the Trustee, the Debtor(s) and attorney for the Debtor(s) of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(i). See Local Rule 4001-1(e).
       g. All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case.

(K) <u>Plan Payment Summary.</u> If there is a discrepancy between paragraphs (A) - (J) and paragraphs (K) - (M), then the provisions of paragraphs (A) - (J) and the confirmed plan control.

    (1) Trustee's compensation (10% of plan payments) ................................................................................. $ 7,602.00
    (2) Ongoing post-petition mortgage payments ........................................................................................... $ 0.00
    (3) Administrative expenses and claims ..................................................................................................... $ 4,000.00
    (4) Priority claims ....................................................................................................................................... $ 0.00
    (5) Prepetition mortgage or lease arrears, or amount to cure defaults, including interest ......................... $ 0.00
    (6) Secured personal property claims, including interest ............................................................................ $ 0.00
    (7) Amount to unsecured nonpriority claims .............................................................................................. $ 64,418.00
        **Total of plan payments** ...................................................................................................................... $ 76,020.00

(L) <u>Section 1325 Analysis.</u>

    (1) *Best Interest of Creditors Test:*

    (a) Value of Debtor's interest in nonexempt property ................................................................................ $ 8,857.00
    (b) Plus: Value of property recoverable under avoiding powers ................................................................ $ 8,500.00
    (c) Less: Estimated Chapter 7 administrative expenses ............................................................................. $ 2,739.24
    (d) Less: Amount to unsecured priority creditors ....................................................................................... $ 0.00
    (e) **Equals:** Estimated amount payable to unsecured nonpriority claims if Debtor filed Chapter 7 ............ $ 14,617.76

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

    (2) *Section 1325(b) Analysis:*

    (a) Monthly disposable income under § 1325(b)(2), Form B22C, Statement of Current Monthly Income ................... $ --.--
    (b) Applicable commitment period ............................................................................................................... x 60
    (c) Section 1325(b)(2) monthly disposable income amount multiplied by 60 ............................................ $ --.--

(M) <u>**Estimated Amount to Unsecured Nonpriority Creditors Under Plan**</u> ............................................................. $ 64,418.00

7

Dated: January 27, 2011

/s/ Edward D. Walker
Edward D. Walker, Debtor

/s/ Kelli S. Walker
Kelli S. Walker, Debtor


/s/ JJV, #09880
John J. Volin, #09880
Trucly Pham Swartz, #026088
1811 S Alma School Road, Suite 265
Mesa, Arizona 85210
Attorney for Debtors

*Rev. 12/09*

## BANKRUPTCY LEGAL REPRESENTATION AGREEMENT

This agreement made by and between
Edward D Walker and Kelli S Walker _____ (Client),
and John Joseph Volin, P.C. (Attorney).

### LEGAL FEES

**CHAPTER 13.** If Client elects to file a chapter 13 case, the basic fee for this representation is $ 4000.⁰⁰ together with $274.00 in filing fees. The sum of $ 274.⁰⁰ must be paid fully before the attorney is required to file the Petitions and Schedules with the Court. In addition, Client agrees to pay additional fees through the plan of repayment submitted in the bankruptcy case which may vary depending on the complexity of the case. Client acknowledges that these fees are subject to court approval. In the event the case is dismissed or the plan is not confirmed, Client agrees to pay Attorney any remaining fees directly.

**CHAPTER 7.** If Client elects to file a chapter 7 case, the basic fee for this representation is $_____ plus $299.00 in filing fees for a total of $_____ which must be paid in full before attorney is required to file the Petitions and Schedules with the Court.

The basic fee shall cover the following services: Representation in proceedings before the U.S. Bankruptcy Court to include interview and investigation of facts, counseling on alternative remedies available and consequences of bankruptcy, preparation and filing of statements and schedules, and other initial papers including clerical services, representation at one section 341 (a) meeting, representation at one confirmation hearing (for chapter 13 cases only), and counseling and advice during the case up to a maximum of two hours of attorney time regarding the case, and up to one hour of attorney time for negotiation of agreements with secured creditors.

Client understands and agrees that because of the unique character of a Bankruptcy case and the necessity for Attorney to commence representation of Client promptly for Client's benefit which may result in Attorney having to decline other offers of employment and because of Attorney's training, expertise, and skill in the handling of a Bankruptcy case the retainer and all payments are deemed earned upon receipt and refunds will not be given. It is understood that for the legal fees are earned upon receipt and the client specifically authorizes the Attorney to deposit the funds into the Attorney's general operating account and funds will not be held in trust. Although the legal fees are non-refundable, the Client has the right to discharge Attorney, and if this occurs, all, part, or none of the legal fees may be refundable, depending upon the services provided by Attorney.

Furthermore, client agrees to reimburse Attorney for all out of pocket expenses paid by the Attorney, or, if the Client is billed directly for expenses, to make prompt payments to the originator of the bill. Such expenses include, but are not limited to, charges for serving and filing papers, courier or messenger services, recording and certifying documents, depositions, transcripts, investigations, witness fees, long distance telephone calls, copying materials, overtime clerical assistance, travel expenses, postage, and notarial attestations.

### PAYMENT OF LEGAL FEES IN INSTALLMENTS

It is agreed that if the client desires, the legal fees and costs may be paid in installments. It is understood that the full amount of the fees and costs must be paid in full before Attorney will file the bankruptcy petition with the court. Client acknowledges that the protection of the bankruptcy court will not go into affect until the petition is filed with the court. Furthermore, it is understood that installments paid are **not refundable** even if client decides not to proceed with the case. This is to compensate attorney for the time and effort spent on the case. It is further understood that Client must make a minimum payment of $500.00 to retain Attorney. The balance of fees must be paid within thirty days. **Attorney will not handle inquires from creditors beyond this 30 day period unless the remainder of fees are paid in full.**

## MATTERS NOT COVERED BY THE BASIC FEE
Additional minimum fees shall be charged for:
- a. Disputes with the Trustee over exempt assets. (Minimum $300.00)
- b. Conversion of the case to a different chapter. (Fees vary)
- c. Representation of the Client in a contested hearing including, but not limited to, motions to lift the stay and objections to discharge. (Minimum $750.00)
- d. Representation of the Client in show cause proceedings. (Minimum $500.00)
- e. Additional hearings, pleadings, or amendments required as a result of the client's failure to provide sufficient information or appear as required. A minimum fee of $75.00 shall be due and payable prior to the filing of any amendment.
- f. Amending case to add creditors not included in the original filing. A minimum fee of $75.00 per amendment shall be due and payable prior to the filing of any amendment to the case, in addition to any fee required by the Court.
- g. Representation in any bankruptcy audit. (Minimum $500.00)
- h. Complaint to determine dischargeability. (Minimum $500.00)
- i. Rule 2004 examinations/depositions. (Minimum $500.00)
- j. Judicial lien avoidance. (Minimum $500.00)
- k. Objection to exemptions. (Minimum $500.00)
- l. Order for sale of real property or to approve financing. (Minimum $500.00)
- m. Motion to modify plan or request for payment moratorium. (Minimum $500.00)
- n. Hearing for reaffirmation agreement. (Minimum $300.00)
- o. Copying of documents. Any copies that you request we make will be billed at 50 cents per page. We recommend that you have all copies made at a copy center. We will provide one copy of any court documents we prepare without charge.
- p. Any other services not described under "Legal Fees."

Attorney is not required to perform any addition legal services on behalf of Client. Client is not required to hire Attorney for any addition legal services. Attorney may withdraw from further representation of Client if an agreement for payment of additional services is not made. That agreement may require payment in full for the services that are anticipated. Any additional services provided pending a written agreement between Client and Attorney beyond those covered by the retainer shall be billed at $250.00 per hour for attorney services and $90.00 per hour for legal assistant services. Time will be billed in units of tenths of an hour and any portion of a tenth will be charged as a full tenth. Fees for additional services are due and payable immediately upon billing. If legal action is required to enforce this agreement the prevailing party shall be entitle to an award of reasonable attorney fees and costs.

## CLIENT ACKNOWLEDGMENTS

It is the responsibility of the client to provide full, accurate, and up to date information relative to all the details requested by Attorney. To the extent that the attorney or the attorney's staff must expend additional time ascertaining such information, the fee quoted above will be increased accordingly at the rate of $250.00 per hour for attorney time and the rate of $90.00 per hour for legal assistant time. Attorney may require an additional retainer prior to providing additional services. In the event Client does not provide the required information or pay the additional retainer, Attorney may decline further representation. In the event Attorney declines the case, part, or none of the legal fees may be refundable.

# DISCLAIMER OF WARRANTY

There are no warranties by Attorney as to the outcome of the case and all expressions made by Attorney or employees of Attorney are matters of opinion only. Client has employed Attorney to perform services and not to guarantee a particular result.

## NO RESULTS ARE GUARANTEED.

Client acknowledges that he has been advised that a Chapter 7 discharge will be denied if a Chapter 7 discharge was obtained in a prior case within six years of filing; property has been fraudulently transferred or concealed with intent to hinder, delay, or defraud creditors; adequate financial records have not been kept; you engaged in misconduct during bankruptcy proceedings; or you fail to explain satisfactorily losses or deficiency of assets.

Client acknowledges that a summary of the Arizona Exemption Statute (a copy of which is attached to this agreement) has been provided and that client has been advised that any property or right to receive property that is not specifically listed may not be protected in a bankruptcy case. In particular, **client acknowledges that any money owed to client at the time of filing is not protected (with the exception of 75% of wages due on the date of filing) including tax refund checks.**

Also, bankruptcy does not clear credit reported by a credit reporting company. Client acknowledges that legal fees for bankruptcy do not cover any dispute with a credit reporting agencies or creditors filing information with credit reporting agencies. **Client acknowledges that Attorney has no control over what may be reported to credit reporting agencies and cannot predict the affect filing bankruptcy will have on future credit.**

Client has been advised that if a chapter 13 case is filed **the court's approval is required to incur additional credit, to sell real estate or other substantial assets.**

Client agrees to provide all requested information necessary for Attorney to handle this bankruptcy matter. In particular, Client agrees to complete in detail the "BANKRUPTCY INFORMATION SHEET" provided by attorney, to provide complete addresses of each creditor and details of each account, and agrees to provide any addition information required to properly handle the case. Client also agrees to provide any updates or corrections to this information in writing. Client has been advised that the bankruptcy laws require that **all creditors and all property must be listed** in their bankruptcy and that a failure to list complete information may result in a denial of a discharge and may be a bankruptcy crime.

Client acknowledges being advised that a secured creditor may refuse to allow client to retain possession of the collateral (for example, a car) unless a reaffirmation agreement is entered into. Client also understands that the Court might not approve the reaffirmation agreement. In addition, the secured creditor may charge the Client for its legal fees incurred for the reaffirmation agreement.

Client has been advised that a utility company may demand a deposit for the continuation of services after a bankruptcy filing.

## GENERAL PROVISIONS

It is understood and agreed that the legal file, including all notes, documents, pleadings, memorandum, etc. are the property of John Joseph Volin, P.C. Client shall be responsible for the cost of reproducing the file if client requests a copy. John Joseph Volin, P.C. is under no responsibility to store or maintain the file after Client's case is concluded. John Joseph Volin, P.C. may destroy the

file without any notice to client after the case is either discharged, dismissed or client retains substitute counsel.

Client may be represented by any attorney in the firm of JOHN JOSEPH VOLIN, P.C. (including court appearances, depositions, or other appearances), and it is understood that Client will not necessarily be represented at every stage of the case by the attorney listed on this Agreement. In addition, Attorney is authorized to hire associate counsel to assist in the case at his discretion. Client understands that law clerks, legal assistants or other attorneys may be used or employed by Attorney to work on client's case. Client acknowledges being advised that Joe Volin regularly has an associate attorney handle the meeting of creditors in bankruptcy cases.

Representation of the Client by the Attorney in this Matter will not commence until the retainer payable at the outset of this representation is in fact paid.

It is understood that the fee stated on this agreement was based on the representations of the Client at the initial meetings. Accordingly, **attorney retains the right to decline the case and refund the retainer without any further responsibility.** Furthermore, Attorney reserves the right to withdraw from this Matter if the Client fails to honor this Agreement or for any just reason as permitted or required under the Arizona Code of Professional Responsibility or as permitted by the rules of courts of the State of Arizona and U.S. Federal District Court.

**Client(s) certify that we have read and understand this agreement and have completed the bankruptcy questionnaire completely and accurately to the best of our knowledge and ability.**

Dated: _12-11-2010_  Dated: _12-11-2010_

_____  _____
Client                          Client